**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SEBASTIAO WANTUIL ROCHA,**<br>**Petitioner,**<br>**v.**<br>**RODNEY S. SCOTT, et. al,**<br>**Respondents.** | **Civil Action No. 26-7579 (RK)**<br><br>**MEMORANDUM** |

This matter comes before the Court on a Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *see* Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). The Court has screened the Petition for summary dismissal pursuant to Rule 4, and, as explained below, Petitioner fails to meet the "in custody" requirement for habeas jurisdiction, and the habeas claims are dismissed on that basis. The remaining non-habeas claims are likewise dismissed WITHOUT PREJUDICE because they do not have the required nexus to Petitioner's release and are not properly brought in this habeas action.

Petitioner Sebastiao Wantuil Rocha is citizen of Brazil who allegedly entered the United States as a B-1/B-2 visitor on February 21, 2018 and later married a U.S. citizen; he filed a VAWA self-petition and related adjustment applications after allegedly suffering abuse. (ECF No. 4, Amended Petition at ¶ 12.) After allegedly receiving advance parole, Petitioner departed the United States on January 17, 2026, and intended to return to the United States after a short visit.

On or about February 11, 2026, he allegedly returned to Newark Liberty International Airport and was summarily removed to Brazil. (*Id.* at ¶¶ 26-32.) On June 24, 2026, he filed a habeas Petition and TRO Motion contending that his detention at Newark Liberty International Airport and summary removal was unlawful and asks this Court to, among other things, restore his advanced parole and direct that he be returned to the United States to complete his VAWA applications. (ECF Nos. 1-4.)

The Court notes that although the Amended Petition is purportedly signed by Petitioner, it was submitted by a third party, DLA Immigration Aid, using the Court's Alternate Document Submission system ("ADS system"), which is intended for use by pro se filers only. (*See* Standing Order 2026-01). The Petitions and Motions do not appear to have been written by a pro se litigant, and there is no indication that DLA Immigration Aid is authorized to practice law or can establish standing to proceed as a next friend on Petitioner's behalf. *See generally, Whitmore v. Arkansas*, 495 U.S. 149 (1990).

Here, the Court need not address these irregularities because the Petition is subject to dismissal, as Petitioner does not meet the "in custody" requirement for habeas jurisdiction. To obtain federal habeas corpus review, a petitioner must satisfy two requirements: (a) the status requirement, by showing that he is "in custody"; and (b) the substance requirement, by showing that his petition challenges the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.") The Supreme Court has "interpreted the statutory language as requiring [a showing] that the habeas petitioner be 'in

custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91; *see also Leyva v. Williams*, 504 F.3d 357, 362 (3d Cir. 2007) (A federal district court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) "<u>only if [the petitioner] is in custody</u> in violation of the constitution or federal law.") (citations omitted and emphasis added).

"The meaning of 'custody' has been broadened so that it also applies where individuals are subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (citing *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 160 (3d Cir.1997). For instance, prisoner placed on parole is still in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities." *Maleng*, 490 U.S. at 491; *see also Hensley*, 411 U.S. at 351 (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of movement rests in the hands of state judicial officers"). Crucially, the "'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." *United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) (citations omitted).

Here, Petitioner asserts that he was summarily removed from the United States on or about February 11, 2026, and, therefore, he was not custody at the time he filed this Petition on June 24, 2026. Even if the Court takes a broad view of custody, there are no facts, other than a conclusory

allegation of "constructive custody," to suggest he was in custody at the time he filed his petition. The Court dismisses the habeas claims for lack of jurisdiction.

The Court also dismisses without prejudice the claim(s) brought under the Administrative Procedures Act, 5 U.S.C. § 701 ("APA") because Petitioner cannot bring such claims in a habeas case without a nexus to his release. As explained by the Third Circuit:

> The text of the APA allows challenges to agency action to be brought in habeas petitions. 5 U.S.C. § 703; *see also Gardner v. Grandolsky*, 585 F.3d 786, 788, 790–93 (3d Cir. 2009) (deciding an APA claim against a BOP regulation within a habeas petition). But the writ of habeas corpus is a means of challenging "unlawful executive detention" for which the "typical remedy . . . is . . . release." *Munaf v. Geren*, 553 U.S. 674, 693, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008). Thus, for an APA claim to be brought in habeas, it must have some relationship to the prisoner's release.

*Thieme v. Warden Fort Dix FCI*, 154 F.4th 115, 123 (2025). Here, Petitioner was not in custody when he filed the Petition, and, therefore, his APA claim does not have a nexus to his detention or release such that it can be brought in a habeas petition.

Similarly, Petitioner's remaining statutory and constitutional claims do not have a nexus to Petitioner's detention or release and are not appropriately brought in this habeas action. The Court makes no determination about whether Petitioner may be able to bring these claims in a different type of civil action. He is free to file a new civil action with the appropriate filing fee or an application to proceed *in forma pauperis* and is likewise free to seek to join the VAWA class action in Civ. No. 2:25-cv-09848-AB-AS (C.D. Cal.), if appropriate.

For all these reasons, the Petition is dismissed and the Motions are denied. An appropriate Order follows.

ROBERT KIRSCH
United States District Judge